## CHAMBERLAIN *a.* DEMPSEY.

*New York Superior Court; Special Term, October,* 1861.

FORECLOSURE.—USURY.—RELEASE.

A subsequent grantee cannot interpose the defence of usury to an action to foreclose a mortgage made by a prior owner.

Where the maker of the mortgage was a party defendant, and interposed the defence of usury, and afterwards withdrew such defence on receiving an absolute discharge of the debt which the mortgage was given to secure, such discharge was *Held*, no defence for the subsequent grantee.

This was an action to foreclose a mortgage, given to secure the payment of two promissory notes made by William D. Sal-

---

* The cause was then submitted to the jury, who, after a long absence, failed to agree, and were discharged.

isbury. The complaint prayed judgment of foreclosure and sale, and for deficiency against William D. Salisbury. Salisbury interposed the defence of usury, and afterwards, at request of the plaintiff, withdrew his answer, on receiving a discharge or release of all liability from the plaintiff, which release is set forth in the opinion. The defendant Dempsey then interposed the same defence of usury, and also that the original debt was discharged, and consequently the mortgage paid. Dempsey was the owner of the land, acquiring title from Salisbury by deed, but it did not appear whether the conveyance was made subject to the mortgage or not. On the trial, proof of the usury was offered in behalf of the owner Dempsey, but excluded for the reasons set forth in the opinion.

*George R. Thompson*, for the defendant.—I. The owner of the premises, acquiring title subsequent to the mortgage, can interpose the defence that the mortgage is usurious. The case of Sands *a.* Church (2 *Seld.*, 347), only decides that the subsequent grantee cannot do so, where the mortgage is assumed and is a part of the consideration-money.

II. The release is a discharge of the whole debt, as well in equity as in law. (1 *Atk.*, 294; Kirby *a.* Taylor, 6 *Johns. Ch.*, 250; Dran *a.* Newhall, 8 *Term.*, 168; Brooks *a.* Stuart, 1 *Per. & D.*, 615; 9 *Ad. & E.*, 854; American Bank *a.* Doolittle, 14 *Pick.*, 123; Tuckerman *a.* Newhall, 17 *Mass.*, 581; Ward *a.* Johnson, 13 *Ib.*, 148; Brown *a.* Marsh, 7 *Verm.*, 327; Bunsen *a.* Kincaid, 3 *Perms.*, 57; Rowley *a.* Stoddard, 7 *Johns.*, 207, and *note.*)

*Wm. M. Allen*, for the plaintiff.—I. On the subject of the usury. (Sands *a.* Church, 2 *Seld.*, 347.) And contended that

II. The release is a mere personal discharge of the defendant Salisbury. The debt is still a charge upon the land. (*Co. Litt.*, 281; Selby *a.* Forbes, 2 *B. & Bing.*, 38; 4 *Maule & Selw.*, 423; Simons *a.* Johnson, 3 *Barn. & Adol.*, 175; Reich *a.* Lord, 18 *Pick.*, 325; 7 *Cow.*, 662.)

HOFFMAN, J.—The defendant, Mrs. Dempsey, avers, in her answer, that she is the owner in fee of the premises sought to be sold by this action for the payment of the notes and the

mortgage mentioned in the complaint, and then proceeds to set up usury in such notes, and with sufficient particularity.

She then further answers, that since the commencement of the action, by an instrument in writing of the 8th of June, 1861, for valuable consideration the plaintiff released and discharged such notes, and released the makers thereof from all personal liability on the same.

On the trial, the following instrument was given in evidence.

(Title of the cause.) " It is hereby stipulated and agreed, that all personal claim against the above-named defendants, on account of the notes and bond and mortgage set forth and described in the complaint herein, is hereby released and discharged, and that no personal judgment shall be taken against these defendants, on account of all such matters in this or any other action ; and the release and discharge is hereby given, in consideration of the withdrawal of the answer interposed by the defendants in such action."

(Signed.) M. CHAMBERLAIN.
Witness, WM. M. ALLEN.

*First.* As to the defence of usury, I assumed that the answer was sufficient, on the trial, to warrant the supposition that Mrs. Dempsey was a purchaser, since the mortgage, from or under the mortgagor, and took subject to the mortgage. There was no proof of the assumption of the mortgage. The answer, by attempting to invalidate it as usurious, admits its existence as a lien apparently; ând this defendant did not show that the conveyance to her did not refer to the mortgage.

I had the strongest impression that the defence of usury was not open to a party, a purchaser, in such a situation : that by force of the statute of 1837, a borrower, and a borrower only, could institute proceedings to have the mortgage cancelled : that privilege and redress attached to him alone, and not to a purchaser or creditor.

But the case of Sands *a.* Church (2 *Seld.*, 347) expressly decides that a person who had taken the equity of redemption, by purchase or otherwise, subject to the mortgage, cannot resist a foreclosure on the ground of usury in it.

*Second.* This, then, leaves the only other question to be, the effect of the instrument of discharge or release above recited.

I think the present a very nice question. The result of Chancellor Kent's decision in Kirby a. Taylor (6 *Johns. Ch.*, 242) was, that a release of a principal was a release of the surety, in equity as well as at law; that a release of one of several principal obligors, saving the right against all the others, did not discharge the surety, who was surety of all, from the obligations of the co-principals, but only from those of the principal released.

The strict rule of the common law has been much relaxed, and courts have to restrict the operation of a release so as not to extend it beyond the fair intention of the party. Thus, general words, however comprehensive, are controlled by a recital. (Sampson a. Cook, 5 *Barn. & Ald.*, 606; Boyes a. Black, 13 *Com. Bench*, 652.) And so the reservation of a claim against a copartner, expressly made in a release of one partner, will save the right against the former. (Solly a. Forbes, 2 *Br. & Bing.*, 38; see Thompson a. Jack, 3 *Com. Bench*, 540.)

The effect of the instrument, in this case, is to destroy all right of action against the maker of the notes and mortgagor. If the notes were not due, the negotiation of them could have been enjoined. The surrender of them could probably have been compelled at any time. It is not merely a relinquishment of a demand for any excess of debt beyond the proceeds of the property; it is an absolute discharge of the mortgagor from the whole debt.

I think that the relation of principal and surety may be considered as existing, this purchaser taking the land, subject to the lien, for a debt of this mortgagor. The debt is so far the principal's as that an assignment of it will transfer the security. But the ground and reason of the rule as to the effect of a release of a principal is, that he, upon payment of the demand, becomes, by operation of law or transfer, substituted to the rights of the creditor, and may sue the debtor. (See the opinion of ALLEN, J., in La Farge a. Herter, 11 *Barb.*, 158, and authorities cited; also, Hubbell a. Carpenter, 5 *Ib.*, 520; affirmed, 5 *Seld.*, 171.)

In the present case, if the defendant's land is sold to pay the mortgage money, as far as it will suffice, there could not be in any event a demand over, upon this mortgagor. The defendant has got the property upon a consideration which included the

mortgage debt as part of its value. Upon a foreclosure, the original debtor could only be made liable for the deficiency.

The land must first be resorted to, if the creditor takes this course, although he is not prevented from suing at law upon the obligation or evidence of debt.

I think the plaintiff entitled to judgment.

Ordered accordingly.

## CORBETT *a.* ENO.

*Supreme Court, First District; Special Term, October,* 1861.

SHAM ANSWER.—AFFIDAVITS ON MOTION TO STRIKE OUT.

An answer containing a general denial of a material allegation in the complaint may be stricken out as sham, on proof of its falsity, and that it is not pleaded in good faith.

Where the matters alleged in defence are stated on information and belief, and a motion is made to strike out the defences as sham, upon affidavits, made by those who must necessarily be possessed of the requisite knowledge, which show the matters to be false, it is incumbent on the defendant to show the sources of his information, and that there is a possibility of his allegations being true.

Motion to strike out answer as sham, irrelevant, and frivolous.

The facts are sufficiently stated in the opinion.

*Henry Bennett,* for the plaintiff.—I. The possession of a bill or note is presumptive evidence of title, and this whatever value was paid for it, and whether received before or after maturity. (5 *Sandf.,* 52, 646; 7 *Paige,* 615; 1 *Sandf.,* 37, 40; 3 *Johns., Ch.,* 5, 259.) But it is clearly shown that the plaintiff is owner of the note in suit for value, and that Robert H. Corbett is not, and never was; hence, the answer is clearly sham, and judgment should be ordered for plaintiff. (12 *How. Pr.,* 313; 4 *Abbotts' Pr.,* 226; 17 *Barb.,* 530.)

II. The court is in the constant habit of striking out such a