*338 Opinion of the Court,
by Judge Owsley.
William Hall was appointed sheriff of Franklin county, and, together with his sureties, William Trigg and Christopher Greenup, executed bond, conditioned as the law directs, for a faithful discharge of his duties as sheriff.
Whilst Hall was acting as sheriff, there were placed in his hands for collection, by the commandant of the twenty-second regiment of the Kentucky militia, fines to the amount of two hundred and seventy five dollars, for which Hall gave a receipt to the commandant. *339 Hall afterwards resigned his office as sheriff,' and the militia fines were by him delivered over for collection to his successor, John A. Mitchell; and he thereafter collected the fines, and paid the amount on settlement, to the paymaster of the regiment. The receipt which was given by Hall, was, however, not taken up, and on a change in the paymaster of the regiment, was delivered over to the successor. This receipt was after-wards put in suit by the paymaster, against Trigg and Greenup, the sureties of Hall, (he having previously departed this life,) and judgment was recovered against them for the amount thereof and costs.
The responsities'ofare^'" mentai pay-1" master disdeoree direct* jng the payment of a °laim a§ainst ou® 0rfe^™ent first funds received.
„ e the com'mandan.t of tho ^n^the-paymaster in favor of the £ÓTaffer,t°hi‘ (¡jca 113 court ofequity-
Where mo_ ney has been advanced to ^¿o'laysU out in necesaries, a court who advanced it inf him^vho furnished the no-. cessaries, and a orc re !e ’ Under the act subjecting chases in action to the payment of debts, the persons who ■ have funds in their hands, being made defend ants, should be served with process, before a decree is rendered against them.
*339 Upon this judgment, execution issued to Bourbon county, where Trigg resided, and the amount thereof was paid by him, and the same has since been applied by the paymaster to the benefit of the regiment. Since then, another paymaster has been appointed, against whom, and against Lewis F. Stevens, Zachariah White and Thomas White, who are alleged to have in their hands, money belonging to the regiment, this bill in equity was exhibited by Trigg and the administrators of William Hall,.deceased. They set out in their bill the preceding tacts, and state that when the amount of the execution was paid by Trigg, they had no knowledge of the fact of Mitchell having paid the amount of the receipt which was given by Hall, the sheriff; but they allege, that they can now establish the fact by unquestionable, evidence. They also suggest, that the present paymaster has no funds of the regiment in his hands; but refuses to repay the amount of the demand, even were funds in his hands. They allege that the other defendants have money in their hands belonging. to the regiment, which will shortly be paid over to the paymaster, who will dispose of the same to the creditors of the regiment, whose claims have originated since the money was paid by Trigg, unless prevented by the interposition of the chancellor. They prayed for and obtained an injunction, restraining the dants, who are alleged to have the funds of the ment in their hands, from disposing of the same, until the further order of the court, &c. They also asked the appropriate relief to be decreed, on a final hearing of the cause, &C. ,
Neither of the defendants answered, and on a final hearing, the court decreed the paymaster to pay the *340 complainants the sum of $299 34, the amount paid by Trigg, and also, $62 86, the amount of interest on the sum ¡laid, up to the time of entering the decree, and ordered the paymaster to make payment out of any money in his hands, or which might come to his hands, without regard to any other claims which might exist against the regiment. The other defendants'were also decreed to pay the amount of money in their hands, which belonged to the regiment, after deducting their commission for collection; which sum, when paid by those defendants, was ordered to stand as a credit for the paymaster, on the amount decreed against him.
Assuming the facts to be as they are charged by the complainants in their bill, it cannot be denied, but that in equity and good conscience, Trigg ought to be repaid the amount of the money, which, under the judgment against him aiid Greenup, he was compelled to pay. It is true, the judgment was rendered hv a court of competent jurisdiction; but it is alleged to have been rendered upon a demand which had been previously paid, and paid too in a way, which, from the nature of the transaction, Trigg cannot be presumed to have had any knowledge, and as he alleges he was totally ignorant of when the judgment was rendered against him, and the money again paid by him.
Unless, therefore, there be something in the peculiar circumstances of this case, which distinguishes it irom the ordinary case of a complainant seeking the aid of a court of equity, to obtain remuneration for money paid under the judgment of a court, which is afterwards discovered by him to have been previously paid by another, Trigg, upon the hypothesis of the facts alleged in the bill being true, is indisputably entitled to relief.
The circumstances are not, however, perceived, which, in the opinion of the court, forbid relief in this case. We know that the money paid by Trigg, is alleged in the bill to have been paid over to the regiment; but that circumstance assuredly cannot absolve the regiment from liability. After paying over the money which he received from Trigg, to the creditors of the regiment, the paymaster, no doubt, would not, in his personal right, be liable to the demand of Trigg, unless before the money was paid over by him, he knew of Trigg’s equity; hutas the money was applied by the paymaster to the satisfaction of debts owing by there» *341 giment to others, the regiment has been gainer by the money unjustly received from Trigg, and in equity and justice, has thereby become the debtor of Tiigg.to the amount received from him.
We admit that the law has furnished no remedy in favor of anv person against a regiment, in its character of regiment; hut the law does, in language not to be misunderstood, recognize the regiment as a debtor, and lias given to the creditors of the regiment, the right of suit against the paymaster, through whose hands all the funds of the regiment are directed to pass.
Thus, in the thirty-second section of the militia law, (2 Dig. L. K. 399,) it is provided that “the regimental paymaster, before he acts as such, shall enter into bond witb sufficient security, in the county court, to the commonwealth of Kentucky, in the sum of one thousand dollars, conditioned, &c ; which bond shall not be void on the first recovery.” And in the thirty-fourth section, it is provided, that “the paymaster shall, in settling claims, pay respects to seniority, and that a younger claim shall not lie settled until those of an elder date are paid off;” and the forty-fifth section gives to those whose demands are not paid by the paymaster, remedy by motion, &c. The nineteenth section of an amendatory act, (2 Dig. L. K. 927) provides, that “it shall be the duty of the paymaster or paymasters of the regiment or regiments from which a new regiment may have been or shall hereafter be formed, to liquidate, in presence of the paymaster of saiil new regiment, the accounts of the same, taking into account all debts due or to become due, in favor of, as well as those against said regiment or regiments, at the time of formation, having regard to colours, drums and files, in the possesion of either, and if it shall appear that there is a balance in favor of the new regiment, it shall lie paid over to the paymaster of the new regiment, in proportion to the number taken from the old regiment; but if it shall appear that the old regiment has a debt against it, then, and in that case, the new regimental paymaster shall assume a proportionable part of said debt, and pay the same under the rules and regulations now prescribed by law respecting seniority of claims.”
It is true, that in another section of the law, it is made the duty of the commandant of a regiment, to draw orders on the paymaster in favor of such as may hav« *342 claims against the regiment, ami in this case, no such- or<^el' ^las been drawn; hut if we are correct in supposing that the regiment has in equity become the debtor of Trigg to the amount of the money unjustly received from him. it is not perceived how the failure of the commandant to draw in his favor cm the paymaster, can affect his right to apply to a court of equity. If the demand of Trigg was of a purely legal character, there might be some plausibility in contending that his remedy would properly be in a court of law, to compel the commandant of the regiment, by mandamus or otherwise, to give an order for the amount on the paymaster; but as the money was paid by Trigg under the judgment of a court of competent jurisdiction, he could not be redressed by any proceedings in a court of law—his only remedy is in equity. Mis money, which has been taken and applied to the payment of the debts of the regiment, may well be considered in the contemplation of a court of equity, as placing him in the condition of those whose debts have been thus paid; as one who advances money to an infant, who lays it out in necessaries, will, in a court of equity, fie permitted to stand in the place of him who has furnished the infant with the necessaries, and to recover of the infant the price of the necessaries, when at law he could not do so.
Tims considered, Trigg must be a creditor of the regiment, prior to those whose debts are still subsisting and unpaid, and must, of course, be entitled to a preference over them in a court of equity.
Hence, we conclude, that assuming the facts alleged in the bill to be true, Trigg is entitled to he compensated for the money advanced by him, out of the funds of the regiment, and that it was proper for him to apply to a court of equity for that purpose.
We are also of opinion, that it was proper, under the act of this'eountry subjecting dioses in action to the payment of debts, for the complaiuauts to make those persons who are alleged to have money of the regiment in their haiTds, parties; but as the process appears not to have been served upon two of them, it was premature to hear the cause and pronounce a decree in favor of the complainants.
The decree must, therefore, be reversed with costs, and in the opinion of a majority of the court, (Judge Mills dissenting,) the- cause must be remanded to the *343 court below, and further proceedings there had, not inconsistent with this opinion.