1828.

Elliott
v.
Pell.

[*263]

---

### Elliott, Executor of Elliott *v.* Pell and others.

A decree can only be questioned by a bill of review.

A decree between co-defendants may be made, grounded upon the pleadings and proofs between the complainants and defendants.

But such decree to be binding, must be founded upon and connected with the subject matter in litigation between the complainant and one or more of the defendants.

Where one of two defendants denies in his answer all knowledge of the facts alleged in the complainant's bill, the complainant, in order to give such defendant an opportunity to litigate his rights, must file a replication to his answer.

A decree, made upon bill and answer, cannot affect the rights of any of the parties, as to other matters which were not the subject of litigation in that suit.

Where an instrument in writing was duly executed, conveying certain lands to the grantee, his executors, administrators and assigns, for and during the term of one year, yielding and paying therefor yearly lawful interest of seven per cent. during said term of one year, and in and upon the 14th of November, 1810, with a condition to be void on the payment by the grantor of 600*l.* to the grantee, on the 14th of November, 1810, containing also a covenant on the part of the grantor, to pay the 600*l.* and interest at the time above mentioned, the same was held to be a good and valid mortgage and security in equity, for the sum covenanted in the instrument to be paid by the grantor.

And such instrument would be valid and binding against all persons chargeable with notice of the same.

[*264]

On the 14th of November, 1809, Caleb Pell and Martha, his wife were the owners of a farm in Westchester county, containing about 201 acres; and on that day, by an instrument in writing, signed, sealed and acknowledged in due form of law to pass the real estate of a feme covert, granted, bargained and sold to E. Pugsley the farm, to have and to hold the same to the said E. Pugsley, her executors, administrators and assigns, for and during the term of one year, yielding and paying therefor yearly lawful interest of seven *per cent. during the said term of one year, and in and upon the 14th of November, 1810, next ensuing, with a condition to be void on the payment by C. Pell and wife of £600 to E. Pugsley, on the 14th of November, 1810, without any deduction or abatement for taxes, assessments, or any other impositions whatsoever, with a covenant therein, on the part of C. Pell and wife, to pay the £600, and interest thereon, at the time above mentioned. On the 14th of November, 1810, C. Pell and wife executed two bonds for the £600 and interest, one of which, conditioned to pay £428 9s. 2d. was given to her daughter, Mary Towbridge. E. Pugsley died in December, 1811, having made Maria, the wife of Aaron Pell, her executrix.

Previous to March, 1821, C. Pell and wife mortgaged and sold parts of the farm to *bona fide* mortgagees and purchasers, who had no knowledge of the claim under the instrument given to E. Pugsley. On the 29th of March, 1821, the executrix of E. Pugsley caused the instrument above mentioned to be recorded as a mortgage, and the next day thereafter C. Pell and wife conveyed the residue of the farm unsold to the defendants, James E. Pell and Elijah C. Pell. On the 2d of May, 1821, J. E. and E. C. Pell mortgaged twenty-six acres of the farm to Harvey Elliott, the complainant's testator, to secure the payment of $800 and interest, and afterwards conveyed the same land, with the residue of the farm which remained unsold, to the defendant, Betsey Hinman. The defendants, M. Mitchell and Ann Aislabie, are subsequent incumbrancers upon the

twenty-six acres mortgaged to Elliott, and upon the residue of the farm which had not been previously conveyed.

In July, 1822, Harvey Elliott filed a bill in this court to foreclose his mortgage on the twenty-six acres, and made the same persons who are now defendants parties to that suit; in which bill he alleged that E. C. and J. E. Pell were seized of the twenty-six acres of land, and mortgaged the same to him; setting out the bond and mortgage and the subsequent conveyance of the twenty-six acres to Betsey Hinman, subject to his mortgage, and the incumbrances of Mitchell and *Aislabie upon the mortgaged premises, and alleging that since the date of his mortgage the defendants, Aaron Pell and wife, gave out and pretend that they hold an instrument in writing, under seal, executed by Caleb Pell and wife to Elizabeth Pugsley, dated in 1809, which amounts to a mortgage on the premises so mortgaged to complainant; but he denies that they hold any deed or instrument for the premises mortgaged to him, except a lease for one year, by way of mortgage, which has long since expired; and if they hold any other mortgage, the same has never been recorded, and has been satisfied and paid off; and the same not being on record, his mortgage must have a preference. And he called upon the defendants to answer whether A. Pell and wife, in their own right or as trustees, held any other instrument in writing which was an incumbrance upon the twenty-six acres other than the lease for one year by way of mortgage, and whether the said lease was not then expired and void; and if they had any other instrument in writing, by way of mortgage, whether the same had not been duly satisfied and paid off; and that they set forth the same particularly, with dates, parties, registry, acknowledgments and consideration, and how much remained due thereon. To that bill A. Pell and wife put in an answer, setting forth the instrument and bonds executed by C. Pell and wife to E. Pugsley, and alleging, in substance, that the instrument, although in its terms a mortgage for only one year, was in-

1828.

Elliott
v.
Pell.

[*265]

1828.

Elliott
v.
Pell.

tended by the parties thereto to be a mortgage in fee simple; and that at the time the two bonds were executed for the principal and interest due upon the said instrument, it was further agreed by C. Pell and wife that the said instrument should remain as a security for the bond which was given to E. Pugsley. The other defendants denied all knowledge of any existing mortgage, judgment, claim or lien upon the premises mortgaged to the complainant, in favor of the representatives of E. Pugsley. To the answer of Pell and wife, a replication was filed, but no proof was taken by either of the parties, the complainant's counsel supposing the answer would not be evidence, and that the burden of proof lay on the defendants.

[*266]

*No replications being filed to the answers of the other defendants, no rules were given for them to produce proofs. That cause was brought to a hearing in May term, 1823, and in July thereafter a decree was entered, whereby it was declared that the instrument in writing was a good and valid mortgage and security in equity, for the amount of the bond to E. Pugsley, according to the manifest intent of the parties, and the reasonable interpretation of the said instrument, as against Caleb Pell and Martha his wife, and their heirs and assigns, and as against the other parties to that suit, all of whom were chargeable with notice of the mortgage, by means of the registry thereof, when their respective liens on the mortgaged premises accrued. It was therefore ordered and decreed, that it be referred to a master to compute the amount due thereon to A. Pell and wife, and the amount due to the complainant on his mortgage, and that on the coming in of the report, all the premises mortgaged to the complainant, as described in his bill, be sold, and that out of the proceeds of the sale, the amount due to A. Pell and wife, with their costs of suit, be first paid, and that out of the residue the amount due to the complainant, together with his costs, be next paid, and that the residue remain in court, with liberty to the defendants Mitchell, Aislabie and Hinman, to apply and establish their

claims thereto, as they should be advised. The decree was afterwards affirmed on a rehearing before Chancellor Sanford. After the rehearing, Harvey Elliott died, and in May, 1824, the decree was revived against the complainant in this suit, who is his executor.

In July, 1824, the complainant filed his bill in this cause, setting forth the above facts, and the proceedings and decree in the former suit, and praying that the part of the farm of 201 acres, which had been incumbered since the registry of the mortgage to Harvey Elliott, should be first sold, and applied to satisfy the amount due to A. Pell and wife, with their costs, and that the deficiency only, be paid out of the proceeds of the sale of the 26 acres.

The complainant subsequently amended his bill, suggesting the invalidity of the Pugsley mortgage, and praying leave to take proofs to establish such invalidity, and if the same *should be decreed invalid, that then the proceeds of the sale of the 26 acres be first applied to the payment of the Elliott mortgage and costs. To this part of the bill, the defendant A. Pell and wife put in a demurrer, which, on argument before the late Chancellor, in November, 1827, was allowed without prejudice to the relief sought by the bill, in the matters not demurred to, and with leave to the complainant to file a bill of review upon the usual deposit in such cases.

[*267]

No bill of review being filed, the defendants A. Pell and wife and Mitchell and Hinman, put in their answers to the bill in this suit as originally drawn ; to which answers the complainant filed replications, and proofs were taken on the part of the defendants Mitchell and Hinman, which were read at the hearing, *de bene esse*, subject to the objection of the other parties to the suit.

*J. Wallis*, for complainant :—All the defendants in the former suit are bound by the decree in that suit. A decree is equally binding between co-defendants as between the

1828.    complainant and the defendants.   (*Chamley* v. *Lord Dursany*

Elliott   *and others*, 2 Sch. & Lef. 710.)   A decree may be made in
v.
Pell.    this suit founded upon the former decree.   The complain-
ant has a right to compel A. Pell and wife to resort first to
that part of the property included in their mortgage, and
which is not covered by the mortgage of the complainant.
(*Evertson* v. *Booth*, 19 John. R. 492.)

*W. Silliman*, for the defendants Mitchell and Hinman:
The complainant having by his bill in the former suit, and
by his replication to the answers of the defendants A. Pell
and wife, in that suit, and by his replication to the answers
of the defendants in this suit, insisted that the mortgage of
A. Pell and wife was invalid, he is precluded from now as-
serting its validity.   1 Phil. Ev. 245; 2 Jac. L. Dic. 441;
1 Phil. Ev. 242.)   No replication having been filed to the
answers of Mitchell and Hinman in the former suit, no
proofs could be taken by them, and they are therefore not
concluded by the decree in that suit.   The mortgage of A.
Pell and wife is only a mortgage for one year.   It is not an
[*268]     equitable mortgage *in fee.   The registry of this mortgage
is only constructive notice of what appears on its face.   The
registry of equitable mortgages not being sanctioned by law
has no effect as a notice.   (Pow. on Mort. 739, 748; 1
John. Ch. R. 273; 1 Brown's Ch. Cas. 93.)

*W. T. McCoun*, for A. Pell and wife:—The decree in the
former suit as to the validity of the mortgage of A. Pell
and wife is binding as well upon the defendants as the com-
plainants.   (*Chamley* v. *Lord Dunsany and others*, 2 Sch.
& Lef. 710.)

THE CHANCELLOR:—By the decision of the late Chan-
cellor upon the demurrer in this cause, it is settled that the
decree in the former suit, so far as relates to the lien of the
Pugsley mortgage upon the twenty-six acres, which was the
subject of litigation there, is binding and conclusive, and can

only be impeached by a bill of review. There is certainly no error on the face of that decree which could authorize the complainants to reverse the same. The answer of A. Pell and wife was responsive to the bill, and so far was evidence against the complainant. If the co-defendants in that suit were not bound by that answer, because they had no opportunity to produce evidence to contradict it, they only could sustain a proceeding to reverse the decree for error in law, so far as it affected their rights. But that question cannot be raised except by a direct proceeding to review the original decree.[1.]

It is the settled law of this court, that a decree between co-defendants, grounded upon the pleadings and proofs between the complainant and the defendants, may be made; and it is the constant practice of the court to do so to prevent multiplicity of suits. *Chamley* v. *Lord Dunsany and others*, 2 Sch. & Lef. 710, 718. *Conry* v. *Caulfield*, 2 Ball & Beat. 255.) But such decree between co-defendants, to be binding upon them, must be founded upon and connected with the subject matter in litigation between the complainant and one or more of the defendants.[2]

The bill in the original cause sought the foreclosure of a mortgage upon the twenty-six acres only; and the defendants Mitchell, Hinman, Aislabie and A. Pell and wife, were *made parties, on the ground that they claimed to be incumbrancers on that particular piece of land. They were called upon to answer as to any incumbrances they might have upon the twenty-six acres, and no allusion whatever was made to any incumbrances or rights of the defendants, or

1828.

Elliott
v.
Pell.

[*269]

[1] *Woodruff* v. *Cook*, 2 Edw. Ch. 259; *Bogardus* v. *Clark*, 4 Paige, 623; Kent, Ch., in *Murray* v. *Murray*, 5 John. Ch. 60; *Holms* v. *Remsen*, 7 id. 286; *Gelston* v. *Hoyt*, 1 id. 543; *Gardner's Adm'r* v. *Strode*, 5 Lit. 339; *Burch* v. *Scott*, 1 Bland, 120; *Sanders' Heirs* v. *Gatewood*, 5 J. J. Marsh. 327; see further Am. Ch. Dig. by Waterman, tit. *Decree.*

[2] *Hopkins* v. *Lee*, 6 Wheat. 109; *Bank of United States* v. *Beverly*, 1 How. U. S. 134; *Washington Bridge Co.* v. *Stewart*, 3 id. 413; *Crandell* v. *Gallup*, 12 Conn. 365; *Breckerinridge* v. *Ormsby*, 1 J. J. Marsh. 236; *Allin* v. *Hall*, 1 A. K. Marsh. 525.

any of them, to any other land.  Neither did the answer of A. Pell and wife set up the Pugsley mortgage as a valid and subsisting lien upon any other land than the twenty-six acres.  After setting out the mortgage, and the agreement of C. Pell and wife respecting the same, they charged and insisted, and submitted to the court, that the said mortgage was a valid and subsisting lien or incumbrance upon the premises mortgaged to the complainant, as in his bill was mentioned and set forth ; and that they were entitled to a preference and priority of payment out of the said mortgaged premises.  The decree made upon that bill and answer must be taken with reference to the matters then in litigation before the court, and cannot be construed to affect the rights of any of the parties as to the other lands which were not the subject matter of litigation in that suit.  If A. Pell and wife had actually released all the lands covered by the Pugsley mortgage, except the twenty-six acres, from the lien thereof, the other defendants could not have given such release in evidence in that suit, because no question as to any other lands was in litigation.  If the complainant in the first suit had set out all the facts, as his executor now has done, and claimed to throw the Pugsley mortgage, if it should be declared valid, upon the lands of the other defendants, he would then have given them an opportunity to litigate their rights.  But even in such a case it is doubtful whether he could have effected that object without filing a replication to their answer, and thus giving them an opportunity to contest the validity of the Pugsley claim.

The prayer of the complainant's bill in this suit, seeks directly to alter, in two very material respects, the decree in the former suit.  As no such relief can be granted, the bill must be dismissed.  But even if there had been a prayer for substitution, or for relief generally, the defendants Mitchell and *Hinman would have been permitted to show that the Pugsley mortgage was not a valid and subsisting lien upon the lands not affected by the decree in the former suit.  And the evidence taken in this cause, and

[*270]

admitted on the hearing to be read, *de bene esse*, as I under-stand it, abundantly establishes the fact. The complain-ant's bill must therefore be dismissed; but as he has prose-cuted this suit as executor, in good faith, he is not to be charged with costs.