## SUPREME COURT.

ALVIN O. WOODWORTH vs. JAMES BELLOWS, WILLIAM A. SACKETT, ABEL DOWNS and CARLTON W. SEELYE.

Where the answer of one of several defendants, states facts which do not constitute a defence and is immaterial as between him and the plaintiff; but is intended to form a case for adjudication of equities between him and a co-defendant, that the court may allow him to be subrogated in the place of the plaintiff in pursuance of section 230 of the code, (original)—none of the other defendants answering. The answer on motion will be stricken out, for the reason, that it is entirely immaterial on the question of the plaintiff's right to recover.

The facts stated in the complaint are to be taken as true by the defendant, who does not answer, and he is not to be deemed as admitting anything contained in the answer of his co-defendant, in which he has not participated.

If the answer stood before the court as proved, or admitted by the co-defendant, *it seems*, that it would form a case for the relief sought under the section of the code mentioned.

*Ontario Circuit and Special Term, February*, 1849. The complaint is upon a promissory note made by defendant Bellows to the defendant Sackett or order, and endorsed by Sackett and the defendants Downs and Seelye.

None of the defendants have answered excepting Bellows, whose answer states that he and Sackett and others, joined in the purchase of a press, types, &c., constituting a newspaper establishment, (The Seneca County Courier) for the price of $1700, divided into shares, and that Bellows took one share and gave the note in question to Sackett for that share; that afterwards Sackett sold the entire establishment and received the avails of such sale, the share of which belonging to Bellows, together with his share of donations made by different individuals for the purchase of the press, &c., in his (Sackett's) hands, amount to sufficient to pay the note in question, and claims that Sackett should be charged with the payment of the note, and prays that if any judgment be rendered, it may be that Sackett pay the note, or if collected of Bellows, that he may be subrogated in the place of the plaintiff to collect the amount of Sackett. A motion is made to strike out the answer, and for judgment for plaintiff.

J. T. MILLER, *for plaintiff.*

FOOTE & BELLOWS, *for defendant Bellows.*

WELLES, Justice.—The facts stated in the answer clearly do not amount to a defence as against the plaintiff. They make no issue between the parties to the suit, and the answer states no facts that the plaintiff can safely or is bound to deny. The whole answer is entirely immaterial on the question of the plaintiff's right to recover. Its object was to lay the foundation for an order or judgment by which the equities shall be adjusted and enforced as between the defendant Bellows and his co-defendant, Sackett. And the court is called upon to adjudicate such equities upon the facts so stated in the answer in pursuance of the 230th section of the Code of Procedure.

This cannot be done in the present state of the case. Sackett, against whom Bellows asks the relief, has omitted to answer. The consequence is, so far as he is concerned, that the facts stated in the complaint are to be taken as true and nothing further. He is not to be deemed as admitting anything set up by his co-defendant, in an answer in which he does not participate. The matters stated in the answer are not proved, and the legal effect of those contained in the complaint is directly the reverse of those in the answer. The complaint shows that Bellows was the maker of the note, and Sackett the payee and first endorser—under such a state of facts, if Sackett should pay the judgment, equity would allow him to be subrogated in the place of the plaintiff in order to avail himself of the judgment against Bellows, the original and principal debtor.

If the answer of Bellows stood before the court as proved or admitted

by Sackett, it might and probably would form a case where the relief which the section of the code referred to, seems to contemplate, would be given to Bellows.

The motion to strike out the answer and for judgment in favor of the plaintiff against all the defendants for the amount claimed in the complaint is granted, but the defendant Bellows may amend his answer on payment of $5 costs, the amended answer to be served in twenty days, &c.