Robertson, Ch. J.
I am called upon, in this case, to give judgment in favor of one defendant (Dempsey) against two. others (Halls,) upon the confirmation of a referee’s report alone, finding a.certain sum due by the latter to the former. The only pleading furnished me is a complaint; nothing before me shows whether judgment was obtained by the plaintiffs-against the defendants, or any of them, by default; or whether any issues have been formed between them, of law or fact, and any disposition made of such issues. It is true the order of refer *675 ence in pursuance of which the report was made, on which judgment is asked, contains a denial of a motion on the part of the Halls to dismiss the complaint, and counsel hWe argued the question, how far the court can give judgment between the defendants, without disposing of the case as between them and the plaintiffs.
The complaint is in form a creditor’s action, to set aside an assignment by the defendant Austin Hall, to the defendant Asa Hall, of the property of a special partnership in which the former was a general partner, and the defendant Dempsey a special partner ; and also to compel the latter to return a certain amount received by him from the assets of such copartnership. An order was made in this action, in the year 1855, ordering such complaint to be deemed to have, been exhibited on the part of all the creditors of such special partnership, and, strangely enough, making such order itself a part of the plaintiff’s complaint, without amending it in any way.
The order of reference in question was made in 1858, directing an account to be taken of all the assets of such special partnership and its liabilities, on a certain day; also, of the amount thereof collected by the defendant Austin Hall during a certain period, and of the amount which passed into the hands of the defendant Asa Hall by such assignment, and his disposition thereof, taking previous reports of the same referee, under orders in this action as a basis ; also, of the amount of the debts of such firm paid by any of the defendants, and which, respectively; also, the amount of debts unpaid, and the sum in the hands of the receiver appointed in such action ; and whether the defendant Dempsey has disposed of the mortgage ; also, the amount paid by Asa Hall as assignee. And it was further ordered by said order, that the receiver, out of moneys in his hands, should pay the referee’s fees of conducting the reference.
The referee’s report has undergone the ordeal of exceptions, a confirmation of it at special term, and the affirmance of such order of confirmation at general term, and it is now supposed *676 that this court can, and is bound to give a judgment between the defendants, founded on such referee’s report.
There is no doubt that the Code permits affirmative relief to be given to a defendant, as against the plaintiff, and where equities arise between defendants by reason of.relief granted in the action to a plaintiff, as against one or more of them, possibly such relief may be given, in some peculiar cases, to defendants against each other, in order to do complete justice, (Livingston v. Mildrum, 19 N. Y. Rep. 440 ;) but there is not a disposition in courts to make the exercise of such right general, (Wells v. Smith, 7 Abb. 261; Tracy v. Steam Faucet Co., 1 E. D. Smith, 349,) and it is even doubted if, under the Code, it can be given in any case. (Mechanics &c. Inst. v. Roberts, 1 Abb. 381. Norbury v. Seely, 4 How. Pr. 24.) Whenever, however, such relief is granted, it would seem the proper course to enable the court to pass upon proper issues would be, that statements in the nature of pleadings should be framed between the parties, (Decker v. Judson, 16 N. Y. Rep. 439, per Denio, J.;) although in the casa before cited, (Livingston v. Mildrum, ubi supra,) the defendant did not claim relief against his co-defendant in his answer. But relief, even in such cases, can only be granted in respect to matters immediately connected with the subject matter of the action, (Morrill v. Sandford, Cl. & Fin.; S. C. 8 Jur. 967 ; Elliott v. Pell, 1 Paige, 263,) and not as to those not litigated therein, (Jones v. Grant, 10 Paige, 348 ; Elliott v. Pell, ubi supra ;) and particularly not as to transactions in the course of the action, incapable of being set up in a pleading, although they referred to property to be affected by the litigation. (Jones v. Grant, ubi supra.) In courts of equity, formerly, when such relief was granted by and against defendants, it could only be on pleadings and proofs. (Jones v. Grant; Elliot v. Pell, ubi supra. Benwick v. Macomb, Hopk. 277. Chamley v. Dumsay, 2 Sch. & Lef. 710. Conry v. Caulfield, 2 Ball & B. 255.)
In the present case there are no answers put in ; no pleadipgs between the parties ; no proofs on the main subject of *677 litigation between the plaintiff and the defendants, to wit, the fraudulent assignment and transfer; and although the facts found by the referee may be useful in determining how much each of the defendants ought to pay the plaintiff or other creditors, in case such assignment and transfer be adjudged on the trial of the issues in the action fraudulent; yet I can find no jurisdiction to base thereon a judgment by one defendant against another as on an accounting between partners, unless they are adjudged to pay the plaintiff and other creditors their debts in this action.
It is barely possible that if any funds have been paid to the receiver, by the defendants, and in consequence of the discontinuance of the action any moneys are to be paid back by him, to them, the referee’s report may be of some use in determining what should be repaid to each; or, if the' reference in this case is ancillary to the order previously made, that the parties deliver over to the receiver the assets of the special partnership in their hands, an order may now be made that they deliver over to him what the referee has found to be in their possession. The plaintiff’s counsel, in bis brief, speaks ,of money paid by the receiver to creditors. I find no evidence before me of such payment, or any authority for it; nor do I see how it could be authorized, until the final determination of the issues in this action between the plaintiff and defendants.
I cannot now undertake to determine that the reference ordered was not necessary, or within the power of the court for some of the purposes of the action, and that the defendants, the Halls, have agreed by not appealing from the order of reference, to submit their rights to the decision of the referee. But the order itself does not make the referee’s report binding on the parties ; on the contrary, it leaves every thing open to the future action of the court, in the cause; ¡
This action is not in a fit state for any decision in it, nor do I see how defendants can make use, against each other, by any mere consent between themselves, of the machinery of the court necessary to be put in motion in an action against them by a third party. The right of suing each other, of submit *678 ting to arbitration, or presenting a case for the decision of a court, belongs to them. But I cannot see how, by a pretended action by such third party (as this would be if the plaintiff disappeared from it,) and a consent between defendants, with a new style of- pleadings between themselves, jurisdiction can he conferred on. the court to render judgment in favor of one against the other. Either can file a complaint against the other, it is true, which the latter can answer, and they may agree to refer the issues to the same referee, agreeing that the proofs already taken may be used before him ; but it will be a new action, and not that in which the present plaintiff is plaintiff, and the present defendants are defendants.
It is not necessary to portray or dilate on the inextricable confusion to which such a practice as is now invoked would lead ; it is alluded to by Judge Denio, in Wright v. Delafield, (25 N. Y. Rep. 267.) I regret not to have been able to find any mode of assisting the parties after a tedious and expensive inquiry, but the expense is somewhat lightened by the direction to the receiver to pay the referee's fees.
I must decline making any order, or giving any judgment, at the present stage of the proceedings in this action.'