## HENRY VANDERVEER *vs.* CHARLES P. HOLCOMB and wife and others.

1. Upon a bill filed by a mortgagee for foreclosure and sale of mortgaged premises, the mortgagor may by his answer set up usury against the claims of a mortgagee, who is made a co-defendant. He will not be driven to a cross-bill, and be thereby deprived of his defence.

2. Where a case is made out between defendants, by evidence arising from pleadings and proofs between plaintiffs and defendants, a court of equity is bound to make a decree between the defendants.

3. If the defendant asks substantial relief, either as against the complainant or a co-defendant, or a discovery, a cross-bill may be necessary. But the court dispenses with the necessity of a cross-bill when the whole matter is before it, and the party is not thereby deprived of any of his substantial rights by a decree in the existing suit.

4. Upon a bill for foreclosure and sale of mortgaged premises, all the subsequent encumbrancers are necessary parties, and to effectuate a complete decree, the existence, validity, order of priority, and amount due upon the several mortgages, must be settled and decided.

5. It is no objection to permitting a mortgagor to set up usury against the claim of a mortgagee, made co-defendant, without filing a cross-bill, that it deprives such mortgagee of the benefit of his answer. If he were complainant seeking to enforce his mortgage, he could have no benefit of an answer to the defence of usury.

Vanderveer *v.* Holcomb et al.

6. If the lender come into equity, seeking to enforce the contract, the court will give effect to the statute and declare the contract void. But if the borrower seek relief against the contract, the court will prescribe the terms of its interference.

7. If a discovery is necessary to aid a defendant in a defence at law, or otherwise, equity will not require him to answer under oath, and thus be a witness against himself in a matter which will subject him to a penalty or forfeiture, or to any loss in the nature of a forfeiture.

8. A mortgagee, who has dismissed a bill which he had exhibited in his own name for the foreclosure of his mortgage, and to which the mortgagor had set up the defence of usury, and by collusion with another mortgagee has caused a new suit to be instituted, and himself made defendant, has no right to object that he is made a party unnecessarily, or brought into court against his will, and is therefore entitled to a decree for the amount due upon his mortgage. Such mortgagee is in truth the actor, seeking under color of the complainant's rights, to deprive the mortgagor of the protection of the statute as against a usurious claim.

The bill of complaint in this cause is filed by the first mortgagee in order of priority, against the mortgagor and all subsequent encumbrancers, for the foreclosure and sale of the mortgaged premises.

The third mortgagee answers, admitting the prior and subsequent encumbrances, setting up his own mortgage as a valid subsisting encumbrance, and concluding with a prayer that a decree may be made for a sale of the mortgaged premises, and that he may be paid the principal and interest due on his mortgage.

The mortgagor answers, admitting the existence and validity of the complainant's mortgage, but alleging that the complainant procured the assignment thereof to be made to him by collusion with the third mortgagee, and exhibited his bill for the sole purpose of aiding the third mortgagee in recovering upon a void and usurious mortgage. The answer admits the making of the third mortgage, but alleges that the mortgage is usurious and void for the cause set out in the answer.

The answer also alleges that a bill was filed in this court, by the third mortgagee, on the second of June, 1863, for the foreclosure of his mortgage, that the defence of usury was

set up by the mortgagor, and that thereupon the complain-ant in that suit dismissed his own bill, and concerted a plan with the complainant in this suit, by which the third mort-gagee might be enabled to recover upon his usurious mort-gage, and the defendant be precluded from setting up the defence of usury. The mortgagor disclaims any intention or desire that a decree should be made in anywise affecting the bond or mortgage of the third mortgagee, except so far forth as a decree in this suit will necessarily affect the same. And he consents that a decree be made which, while it shall declare the bond and mortgage void or nugatory for the pur-poses of this suit, shall leave the same for all other purposes, unaffected by the decree.

To so much of this answer as alleges collusion between the complainant and the third mortgagee in the filing of the bill, the complainant excepted as scandalous and impertinent; and to so much as relates to the usurious character of the third mortgage, to the institution and abandonment of a pre-vious suit for its recovery, and to the nature of the protection against that mortgage, which the defendant asks, the com-plainant excepted as impertinent. The master having made his report upon the exceptions to the answer, the case is now submitted upon exceptions to the report.

*Mr. J. V. Voorhees,* for complainants.

*Mr. Richey,* for defendants, Charles P. Holcomb and wife.

*Mr. S. B. Ransom,* for defendant, Henry Vanderveer.

THE CHANCELLOR. The material question involved is, whether, upon a bill filed by a mortgagee for foreclosure and sale of mortgaged premises, the mortgagor may by his an-swer set up usury against the claims of other mortgagees, who are made co-defendants, or whether he will be driven to a cross-bill, and thereby deprived of his defence. A decree between co-defendants may be grounded on evidence between plaintiffs and defendants. It is declared by Lord Redesdale

H *

to be "a jurisdiction long settled and acted on, and the constant practice of a court of equity." Where a case is made out between defendants, by evidence arising from pleadings and proofs between plaintiffs and defendants, a court of equity is not only entitled to make a decree between the defendants, but is bound to do so. In the language of Lord Eldon, "the defendant chargeable has a right to insist that he shall not be liable to be made a defendant in another suit for another matter, that may be then decided between him and his co-defendant. And the co-defendant may insist that he shall not be obliged to institute another suit for a matter that may be then adjusted between the defendants. And if a court of equity refused so to decree, it would be good cause of appeal by either defendant." *Chamley* v. *Lord Dunsany*, 2 *Sch. & Lef.* 710, 718; *Conry* v. *Caulfield*, 2 *Ball. & Beat.* 255, 273; *Elliott* v. *Pell*, 1 *Paige* 263.

If the defendant asks substantial relief either as against the complainant or a co-defendant, or a discovery, a cross bill may be necessary. But the court dispenses with the necessity of a cross-bill, where the whole matter is before the court, and the party is not thereby deprived of any of his substantial rights by a decree in the existing suit. *Ames* v. *N. J. Franklinite Co.*, 1 *Beas.* 66.

Upon a bill for foreclosure and sale of mortgaged premises, all the subsequent encumbrancers are necessary parties, and to effectuate a complete decree, the existence, validity, order of priority, and amount due upon the several mortgages, must be settled and decided. The rights of each mortgagee defendant are as fully established as those of the complainant, and the decree is as conclusive against the mortgagor, both as to the validity and amount of the several mortgages, as though a separate bill had been filed, and decree made upon each. It is, to all intents and purposes, a foreclosure suit by each of the encumbrancers against the mortgagor. As against the complainant, the mortgagor may allege and prove that the mortgage is usurious. Why not, as against every

other encumbrancer who seeks to enforce his claim against the mortgaged premises ?

It is urged that permitting the mortgagor to set up usury without filing a cross-bill, deprives the defendant mortgagee of the benefit of his answer. But if he were complainant seeking to enforce his mortgage, he could have no benefit of an answer to the defence of usury. He must file a replication, and go before the master upon substantially the same pleadings and proofs that he will do as defendant.

The fact cannot be disguised, that the encumbrancers are before the court seeking to enforce their claims. The mortgagor is here in the character of a defendant, resisting the enforcement of a claim which he insists is usurious and void. He asks the protection which the law gives to every defendant against whom a usurious claim is sought to be established. Courts of equity follow the law, in the construction of the statutes against usury. If the lender come into equity seeking to enforce the contract, the court will give effect to the statute, and declare the contract void. But if the borrower seeks relief against the contract, the court will prescribe the terms of its interference. It will not actively interfere for the relief of the borrower, unless he will pay what is justly due. The principle of the court is, that he who will have equity must do it. So if a discovery is necessary to aid him in a defence at law or otherwise, equity will not require the defendant to answer under oath, and thus be a witness against himself in a matter which will subject him to a penalty or forfeiture, or to any loss in the nature of a forfeiture. 1 *Story's Eq. Jur.*, § 301; 1 *Fonb. Eq.* 25, *note h*; *Fanning* v. *Dunham*, 5 *Johns. Ch. R.* 143; *Livingston* v. *Harris*, 3 *Paige* 533-4; *Whitmore* v. *Francis*, 8 *Price Exch.* 616. And it makes no difference as to the nature of the relief granted, that the remedy against the usurious contract is sought by cross-bill. *Mason* v. *Gardiner*, 4 *Bro. Ch. R.* 322, and *note* 2; *Fulton Bank* v. *Beach*, 1 *Paige* 433; *Miller* v. *Ford, Saxton* 364.

The principle of all the cases is, that if the defendant asks

the interposition of the extraordinary or equitable powers of the court to aid him in his defence against a usurious claim, he must consent to do equity before he can obtain that aid. But in this case the defendant does not ask the interposition of the extraordinary or equitable powers of the court. He seeks no discovery of the usury, nor does he ask that the contract should be surrendered or delivered up to be cancelled. All that he asks is, that it should not be enforced as a valid encumbrance upon the mortgaged premises.

The mortgagor is asking no favor. He is not in a position in which terms may be imposed upon him. The court is not at liberty to interpose or withhold the exercise of its powers at its discretion. The mortgagor relies upon his legal rights, and the court are bound to protect them. Nor has the third mortgagee any right to object that he is made a party unnecessarily, or brought into court against his will, or for the mere purpose of having his mortgage redeemed. The answer alleges that he is in fact the actor. That by collusion with the complainant, he caused the suit to be instituted, having first dismissed a bill which he had exhibited in his own name for the foreclosure of his mortgage, and to which the mortgagor had set up usury as a defence. These circumstances clearly take the case out of the operation of the decision in *Hudnit* v. *Nash*, 1 *C. E. Green* 550. They show that so far from the third mortgagee being brought by other parties unnecessarily, or involuntarily, before the court, he is in truth the actor, seeking under the color of the complainant's rights, to deprive the mortgagor of the protection of the statute as against a usurious claim.

In this aspect of the case, I think the mortgagor was justified in setting up in his answer, those matters which the master has regarded as irrelevant. Viewed in reference to the claim of the complainant they clearly are so, but as against the claim of the third mortgagee, who is made a defendant by the complainant in order to the enforcement of his own rights, the allegations cannot be regarded as irrelevant or impertinent. They were obviously designed to remove the difficulties

which were suggested by the Chief Justice to the defence of usury in *Hudnit* v. *Nash.* It is material to observe, that none of these allegations are made by way of defence to the complainant's mortgage. *That* is admitted, and no objection is made to a decree in his favor. They are designed solely as a defence to the claim of the defendant mortgagee, and the exceptions must be viewed in that light. The complainant in fact, if he is merely seeking the enforcement of his own claim, has no ground of exception to the answer.

I think all the exceptions taken to the defendant's answer should have been disallowed by the master.

The order will be made accordingly.