ROBERT P. GETTY AND OTHERS, RESPONDENTS, *v.* EDWARD C. DONELLY, IMPLEADED WITH OTHERS, APPELLANT.

*Fraudulent concealment — right of party injured by — Affirmative representations — not necessary to sustain action.*

A portion of the owners of a tract of oil lands, conspired together to sell the same at an advanced price to a company to be organized by them. In pursuance of this plan they prepared an agreement for the purchase of the lands and subsequent formation of a company, by which they and certain other persons agreed to subscribe $5,000 each, although they did not then intend to, nor did they ever pay any portion of the amount so subscribed. One Donelly was induced to sign the said agreement, the persons preparing the same concealing from him, with the intent to defraud and deceive the said Donelly, the fact that the land to be purchased by the company belonged to them. Subsequently the company was formed and the lands were conveyed to it, at a price largely in excess of that paid for it by the persons getting up the said company.

In an action by Donelly to compel the said persons to account to him for his proportional share of the profits, realized by them upon the sale of the land to the company, *held,* that he was entitled to recover the same, although at the time of signing the agreement no affirmative representation in relation thereto was made to induce him to become a party thereto.

APPEAL on the part of the defendant Donelly, from a judgment entered upon the trial of this action at the Special Term.

The facts are stated in the opinion of the court.

*F. M. Bangs* and *M. W. Devine,* for the appellants.

*John E. Devlin,* for Jeremiah Devlin and another, respondents.

DAVIS, P. J.:

This is an appeal from so much of the judgment of the Special Term in the above entitled action as denied judgment in favor of the appellant Donelly, against the defendants Devlin and

Spaulding, executors, etc., and others. The case does not contain the evidence upon the trial, but it contains the pleadings of all the parties, the findings of the court, and proper exceptions thereto for the purpose of raising the question presented, which in substance is, that upon the findings of the court, the appellant Donelly was entitled to judgment against certain of his co-defendants. In the opinion of the court below, it is said in respect to the claim of this appellant: "A claim was made on behalf of the defendant Edward C. Donelly, but we are unable to see upon what ground a recovery in his favor can be based, as the foundation of the recovery is fraud, and no fraudulent representations whatever were made to him, or to any person representing him. No recovery, therefore, in his favor can be sustained."

It is true, the foundation of such recovery is fraud; such a fraud as would make the defendants charged therewith, trustees in respect of the profits made in the purchase of the lands, but it is not necessary that such fraud should be established by direct or personal fraudulent representations. The evidence given on the trial being omitted in this case, we cannot now assume that there was any given except sufficient to uphold the findings of the court. From these findings it appears that the defendants sought to be charged, purchased the property at a cost of about $25,000; that they combined together to put off the property at the price of $125,000, representing that it was thereafter to be purchased for the subscribers to an agreement for the purchase of such property at that price; that they became subscribers themselves to such agreement to the amount of $5,000 each, without any intention or expectation of paying any part of their subscriptions; that they procured five other persons to sign the agreement knowing that they did not intend to pay their subscriptions; that by the terms of the paper, Daniel Devlin was made, and agreed to act as trustee for the subscribers thereto, and received in that capacity all payments made by them; that such defendants concealed and suppressed the fact that Devlin was in reality acting for himself and his associates Arkenburg and Bryan as sellers, and not as buyers of the property; that the appellant Donelly was the last of twenty-five subscribers to that instrument; that he paid his subscription to Devlin, and received from him a receipt in the words and figures following:

"NEW YORK, *April* 11, 1865.

"Received of Edward C. Donelly $5,000, being the amount of his subscription for his proportion of purchase of the oil lands and leases described in the agreement dated February 2, 1865, from which a company is to be organized as soon as the deed is received for the property.

"DANIEL DEVLIN, *Trustee.*"

· The court further finds that the intent and design of said Arkenburg, Bryan and Devlin, in signing the said agreement of February 22, 1865, was to effect a sale of the property therein described at a profit to themselves in money and stock, in excess of the profit in money or stock which would be realized by the other subscribers to the agreement; and that it was also the intent and design of said Bryan, Arkenburg and Devlin, to cast upon the plaintiffs and the other *bona fide* subscribers to said agreement, the whole risk of the adventure, and not to be participants or partners of the plaintiffs or such other subscribers to said agreement in such risk; and that in collecting or receiving the aforesaid payments of money under such agreement, it was not the intent and design of said Devlin, Arkenburg and Bryan to receive or dispose of the same *in trust* for the purchasers, but to receive such payments in trust for the sellers of said property, and to distribute such money among themselves, and one Atwood, as sellers of said property at a profit; which intent and design the said Devlin, Arkenburg, Atwood and Bryan at all times concealed from the plaintiffs and from said Atwood; and that it was their intent to deceive and defraud the plaintiffs * * * *and Donelly;* that at the time when the appellant Donelly, made his subscription to the agreement, and when he made the payment thereunder, he did not know, and was not informed, that any of the lands or leases had already been purchased by them or by any person for them, or any or either of them.

It is also found that a corporation called the Federal Oil and Coal Company was formed upon the basis of said agreement and lands; that Donelly had received a certificate for 3,200 shares of the Federal Oil and Coal Company, which he produced upon the trial of the action, and offered to cancel or transfer the same as the

court should direct; that said stock of said company was worthless; that the said Donelly did not ascertain the said fraud until the commencement of this suit, and has never done any thing to ratify the said fraudulent acts. Upon these, and various other facts material to the controversy, found by the court, we see no reason why it should not have been held that the suppression and concealment of the truth from Donelly by the defendants were equivalent to a false representation. The agreement itself to which he subscribed, contemplated very clearly a purchase to be made, and not one already made, and it clearly contemplated in respect to him, that he should enjoy the advantage of such purchase at the price at which it should be in fact made, as well as his co-subscribers. All the agreement contains upon that subject is to be regarded as an express representation of the purpose for which the subscriptions were to be used by Devlin as therein named, on behalf of all the subscribers, and the same idea pervades the receipt which was given to him. It would be a severe rule, we think, to hold that his right to participate in the profits of the lands to be purchased for the purpose of organizing a company, did not exist, because the fraud practiced upon him was accomplished by concealment, instead of misrepresentation, of actual and material facts of the transaction. He came in as he supposed, and was entitled to suppose, upon a precisely equal footing with all the other subscribers. His action was influenced by the same belief, and the court has substantially found that he was deceived and defrauded by the acts of the parties, although no oral representations were, in fact, made to him. If it had been disclosed to him by the defendants, who had already purchased and were owners of the lands, that they occupied the relation of owners to the property, and were themselves selling to the subscribers under the agreement for the purpose of organizing a company at a price fixed by themselves without regard to the cost, Donelly would have no cause to complain, but the whole theory of the case is that they had already become purchasers and owners at a comparatively small cost, and that for the purpose of making a very large profit upon their purchase, they induced Donelly and other *bona fide* subscribers to the agreement, to enter into a joint adventure with themselves upon the basis that the moneys subscribed were to be used in *thereafter* making a purchase of the lands

referred to in the agreement at the price at which they could be bought of their owners, and that each participant in the joint adventure of purchasing such lands to constitute the capital of the corporation to be created, should stand upon an equal footing in the profits to be derived from them by means of using them as such capital; and this required at the hands of the vendors frankness and fair dealing toward their associates, and permits them to occupy no other or better relation to the lands than that enjoyed by all the associates in the enterprise. When this case was in the Court of Appeals (54 N. Y., 403), the principles which govern it, were laid down in such form as leaves, in our judgment, no doubt of the right of the defendant Donelly to relief upon the facts found by the court. It will not be necessary to have a new trial in order to ascertain what judgment should be rendered in his favor. That can be ascertained upon settling the order to be entered upon the reversal of the judgment below.

The case is one in which we think relief can be properly granted as between co-defendants. (*Elliott* v. *Pell*, 1 Paige, 263; *Jones* v. *Grant*, 10 Paige, 348; Code, §§ 118, 274; *Livingston* v. *Mildrum* 19 N. Y., 440; *Kay* v. *Whittaker*, 44 id., 565, 576; *Getty* v. *Devlin*, 54 id., 415.)

The judgment with respect to Donelly, the appellant, should be reversed and a judgment entered in his favor upon the findings of the court below.

The respondents on this appeal claim to review the order of the court made March 1, 1875, authorizing the defendant Donelly, to answer at that time as of September 22, 1868. The appeal papers contain nothing but the order of the court allowing the answer, and the answer itself. The order recites that it was made upon affidavits, and the pleadings in the action, including the proposed answer and other papers. None of the papers thus recited are properly before us, and this is probably a sufficient reason why we should decline to review the order. Certainly so far as it was discretionary in the court to make it, we cannot say from the appeal papers what facts were shown to justify the exercise of such discretion, but counsel for the appellant, Donelly, has appended to his points an affidavit on which the order was made. From that affidavit it appears that the plaintiffs in the action had consented

by stipulation that the time of the defendant, Donelly, to answer the complaint should be extended until the expiration of twenty days' notice to his attorneys, and had waived verification of the answer, so that as between plaintiffs and defendant the time to answer does not appear to have expired. This affidavit sets forth a state of facts, from which it appears to us that the order as an exercise of discretion was proper. The attorney of Donelly had appeared in the action, as he testified, under the conviction that the complaint stated every thing essential to protect the rights of Donelly and that there was no necessity for an answer by him, but only that proper proof should be presented on his behalf, that on the 28th of November, 1873, an order was made in the action authorizing the amendment of the complaint, which seems not to have been served on Donelly's attorneys and which contained a provision that would cut off Donelly from any right to answer or any right to recover against the defendants, and thereupon he made application for permission to put in an answer which would preserve his rights. The court heard counsel on both sides and granted the order. If we hold in the action that Donelly had any rights that ought to be preserved, we see no ground for holding that the discretion of the court in permitting him to answer was abused. Without considering the question whether the order was appealable or passing upon that point, we think it should be sustained on the ground that it was not an abuse of discretion.

The order should, therefore, be affirmed, without costs.

DANIELS, J., concurred    BRADY, J., took no part.

Judgment as to Donelly reversed and judgment entered in his favor upon the findings of the court below. Order authorizing defendant Donelly to answer affirmed without costs.