## LEWIS *vs.* SMITH.

Where the husband by his last will and testament appointed his wife executrix, and several other persons executors, only one of whom, with the wife, qualified, and the testator by his will gave to his wife all his real and personal estate during her life, and then added the following clause—" To carry the above into full effect, I empower the executors to make sale of the fast estate, and lodge the proceeds with the executrix, who is to enjoy the same during her life," it was *held* that the devise was not inconsistent with her claim for dower; that she was entitled to both the devise and her dower, and was not compelled to elect between such provision and her dower

G. L., in 1826, gave a mortgage upon his real estate, in which his wife did not join. He had previously contracted to sell to the defendant, and other persons, various parcels of said land, and the contracts were included in *the mortgage,* and assigned to the mortgagee, with the moneys due and to grow due thereon. G. L. died in 1830, leaving a will, in which he made a provision for his wife, the plaintiff, not expressed to be in lieu of dower, and appointed her executrix, and several other persons executors. After the testator's death, the assignee of the mortgage, and several of the persons holding contracts of purchase, one of whom was the defendant in this suit, united and filed a bill in chancery against the widow and the devisees under the will, one of whom was the executor that had qualified, and served on the defendants in that suit a notice stating that the object of the suit was to foreclose the mortgage, and that they made no personal claim against the defendants, and in the bill filed by them they set forth the rights of the defendants under the will, and that the widow and one of the defendants had qualified as executrix and executor—and then set forth generally that the said defendants had, or claimed to have, some interest in the premises, as subsequent purchasers, incumbrancers, or otherwise; but made no mention of the widow's claiming dower, or any allegation in reference thereto, and the defendants suffered the bill to be taken as confessed, and a decree of sale was made in said suit, and that the purchaser be let into possession; and upon a sale being made under said decree, the assignee of the mortgage became the purchaser, and received a master's deed. In an action of ejectment, by the widow, to recover dower in the mortgaged premises; *Held* that the title acquired by the purchaser was subject to the widow's claim for dower; that her claim for dower was paramount to the mortgage, and that the decree and master's deed was no bar to such claim for dower; that the bill was not properly framed to enable the complainants to litigate her claim to dower in that suit; that as there was no allegation in the bill relative to her claiming dower, or that the devise under the will was in lieu of her dower, she was not a party to that suit as doweress, but only as executrix and devisee, and that her claim to dower, being paramount to the mortgage, was not the subject of litigation in that

Lewis *v.* Smith.

suit; and that, as to that claim, she would not have been a proper party to the suit.

The bar against all parties defendants, mentioned in the statute (2 *R. S.* 192, § 158) refers only to the proper parties to a foreclosure suit, viz. mortgagors and mortgagees, and subsequent incumbrancers, and to such rights as have been properly the subject of litigation in the foreclosure suit. It does not embrace paramount rights of parties which have not been subjected to litigation, by the form or substance of the pleadings in the case.

THIS was an action of ejectment for dower. The plaintiff was the widow of George Lewis, deceased, and claimed her dower in certain lands of which said Lewis died seised, in the town of Reading, in the county of Steuben, in the possession of the defendant, claiming to be owner. The defendant insisted that the plaintiff was barred of her dower in the premises, first by reason of a testamentary provision in her favor in the will of her husband, in lieu of dower, and second by reason of a decree in chancery against her in a certain suit, in which the plaintiff and defendant were both parties. From the evidence in the case, it appeared that George Lewis was the owner in fee of about 800 acres of land in said township. That on the 6th day of July, 1826, he executed a mortgage upon said lands to the president and directors of the Manhattan Company, to secure the payment to them of about $3,000. That prior to that time Lewis had contracted to sell to the defendant 122 acres of said land, and also various other parcels to other individuals. These contracts were included in the mortgage, and assigned, with the moneys due and to grow due thereon. Lewis died in 1830, leaving a will, in which he left to the plaintiff all his real and personal estate during her life, and the remainder to William Elliott, and her two nephews, Thomas L. De Witt and George L. De Witt, at her death, but the nephews were not to be entitled to the possession and enjoyment until they should arrive at full age. Then followed this clause, "To carry the above into full effect, I empower the executors to make sale of the fast estate, and lodge the proceeds with the executrix, who is to enjoy the whole during her life, and then to be divided as before described, but it must be understood that there must be no division until the executrix finds it convenient, as the well ascertained debts

must be first paid after the decease of my wife. The division must take place as tenants in common, and not as joint tenants." The plaintiff in this suit was appointed executrix by the will, and several other persons executors, only one of whom, William Elliott, qualified and took upon himself the execution of the same with the plaintiff. The testator, at the time of his death, owned real estate in the states of New-York, Pennsylvania and Ohio, and after his death, and previous to the proving of the will, the widow took possession of some of the lands in Pennsylvania, and told the executor who afterwards qualified that she would not take under the will, but would have her dower. After the will was proved she had a suit with said executor relative to her dower, in Pennsylvania, and received money for her dower in some of those lands. On the 15th of June, 1833, the said mortgage was assigned to James Pumpelly, and on the 16th of October, 1834, he filed his bill in the court of chancery to foreclose said mortgage, and for a sale of the mortgaged premises. The defendant in this suit, and the other persons holding contracts from George Lewis as aforesaid, united with said Pumpelly, as complainants in the bill, to the end that they might be enabled to pay up the purchase money due on their respective contracts and obtain conveyances. The plaintiff in this suit, William Elliott, Thomas H. De Witt, and George Lewis De Witt, were made parties defendants, and were duly served with process to appear and answer, and also at the same time with notice that no personal claim was made against them. The bill stated that the plaintiff was the wife of George Lewis, at his death. The provisions of the will, so far as the disposition of the property was concerned, and the directions in regard to it, were substantially set out in the bill of complaint, and it was alledged that the defendants therein named had " or claimed to have some interest in the mortgaged premises, as subsequent purchasers or incumbrancers, or otherwise," but what particular interest the complainant was not informed. The bill prayed that the executors and executrix might be decreed to pay the amount due upon said mortgage, and in default thereof, that the mortgaged premises might be sold, and all the defendants fore-

closed of all equity of redemption and claim, of, in and to the said premises. The defendant did not appear, and a decree of foreclosure was taken pro confesso, directing a sale of the premises by a master, and that the purchaser, upon receiving the amounts due upon the contracts of sale respectively, should convey to the complainants, who held contracts under George Lewis. The said Pumpelly became purchaser, took a master's deed, and conveyed the premises in question to the defendant.

The present action was tried at the Steuben circuit in February, 1850, before Justice Johnson, without a jury. The judge at the circuit decided that the testamentary provision in favor of the plaintiff was not in lieu of dower, either by express terms or by necessary implication, so as to put her to her election; but that the decree in the foreclosure suit was conclusive against the plaintiff, and that the defendant was entitled to judgment. Judgment was rendered in favor of the defendant, upon this decision, and the plaintiff appealed to the general term.

*H. H. Burlock*, for the appellant.

*John M. Parker*, for the respondent.

*By the Court,* TAYLOR, J. The question whether the provision made by the will of Lewis for the complainant, was in lieu of dower, was disposed of by the judge at the special term, and as no appeal was taken from that part of his decree, it is unnecessary for me to take further notice of it.

The bill filed by Pumpelly and others, for foreclosure, made the complainant a party defendant, and she was stated in that bill to have been the wife of Lewis, the mortgagor. The complainant was made a defendant, as executrix and devisee under the last will and testament of George Lewis, her husband and the mortgagor, and after setting forth in the charging part of that bill her interest as such executrix and devisee, it goes on to state that Drusilla Lewis and others named, have, or claim to have, some interest in the mortgaged premises, as subsequent purchasers, incumbrancers or otherwise, without specifying any particular interest or claim. But in the whole bill there is no

description of, or reference to, the interest or claim of the widow for dower. She was not made a party as doweress, but as devisee, and in the character of an executrix alone. I can not think that the paramount title of the widow can be cut off by such a proceeding, although she be nominally a party to the suit.

She is called upon to answer the matters set forth in the bill: she examines that bill, and finds that matters are particularly specified, in which she has an interest as executrix and devisee, but to which she has no answer to make. Relying upon the fact that the pleading which she is summoned to answer makes no mention of an interest, held in her own individual right as the widow of the mortgagor, I think she was not bound by any rule of equity pleading to answer those matters; but was justified in the belief that those interests of hers were not designed by the complainants to be brought into litigation in that suit, and this view of the case is fully sustained by that of *Bank of Orleans* v. *Flagg*, (3 *Barb. Ch. Rep.* 318,) where the chancellor says, " The bill in this cause was not properly framed. To enable them to litigate that question, instead of alledging falsely, that he had or claimed some interest in the premises, which had accrued subsequently to their mortgage, the bill should have stated that he claimed an interest, under a contract to purchase, prior to the mortgage ;" or in other words, the bill should state the facts truly as they existed, so far at least as not to mislead the opposite party as to the object of the suit. This was purely a bill of foreclosure. Now it is a rule of equity, that no facts are properly in issue, unless charged in the bill; nor can relief be granted for matters not chargeable, for the court pronounces its decree *secundum allegata et probata*, (*Story's Eq. Pl.* 259 ; 3 *Wood.* § 55,) and they can pronounce upon nothing else. I am of opinion, that under this bill there was nothing alledged which called upon the complainant to interpose an answer setting forth her inchoate right of dower. (*Elliott* v. *Pell*, 1 *Paige*, 269.) The case of *McGown, et al.* v. *Yerks et al.* (6 *John. Ch.* 450,) did not, as I conceive, settle any question raised in this case. The purport of that decision was that all parties interested should be brought in, as a duty of the

complainant, to the end that the sale may not be deceptive to the purchaser, but not that the rights of the prior incumbrance would be otherwise affected. In reference to the question now before us, the chancellor says, where the land is to be sold, it would be essential to all concerned, and necessary to prevent a sacrifice, that the value and extent of the prior incumbrance, *made known by the pleadings,* should be ascertained and declared. In this case no such incumbrance was made known by the pleadings, and if the omission was erroneous or improper, that was the fault of the complainants in the foreclosure suit. In the case of *Jackson* v. *Hoffman,* (9 *Cowen,* 271,) the remark of Sutherland, J. that the defendant, and those from whom he derived title, having been parties to the suit in chancery instituted for the foreclosure of the mortgage, were estopped from denying the title of any *bona fide* purchaser at the sale, under the decree of foreclosure, was perfectly correct. The defendants were not only parties to the suit, but were subsequent purchasers, and made parties as such. It would certainly then be improper for them to set up in an action of ejectment following a sale on the foreclosure suit, an equitable defense which might have been made in that former suit.

The doctrine as laid down in *Le Guen* v. *Gouverneur and Kemble,* (1 *John. Ca.* 436,) that the judgment or decree of a court possessing competent jurisdiction, shall be final as to the subject matter thereby determined, is well settled, though the correctness of the other branch of the opinion of Radcliffe, J. that it is not only final as to the matter actually determined, but as to every other matter which they neglect to litigate in the cause, and which the court might have decided, has with good reason been questioned. But admitting it to be correct, I still think it does not reach the case at bar, inasmuch as the court could not have decided any matters not brought before them, by proper charges in the bill. (*Elliott* v. *Pell,* 1 *Paige,* 269.) It is well settled that the mortgagee can not, in filing his bill for a foreclosure, make one claiming a paramount title adversely to that of the mortgagor, and prior to the mortgage, a defendant in the suit, for the purpose of contesting the validity

of such adverse claim of title. (*Eagle Fire Co.* v. *Lent*, 6 *Paige*, 637.) It is a general rule that the proper parties in a foreclosure suit are the parties to the mortgage and subsequent incumbrancers, either under the mortgagor or mortgagee, and when prior incumbrancers are made parties, it is only that the amount of such incumbrances may be ascertained, to be paid out of the proceeds of the sale, or that the premises may be sold subject to such known incumbrance. (*Holcomb* v. *Holcomb, et al.* 2 *Barb. S. C. R.* 21.)

The right of dower was certainly a claim paramount to those of the complainants, either under the mortgage or the contracts, and they therefore could not call upon the widow to litigate that right with them in the foreclosure suit. Many cases show that such a suit could not be sustained. (2 *Schoales & Lefroy*, 199. *Hallett* v. *Hallett*, 2 *Paige*, 18. *Banks* v. *Walker*, 3 *Barb. Ch. Rep.* 408. 4 *Sandf.* 209.)

I do not see how the statute (2 *R. S.* 192, § 158,) cuts off the claim of dower. I am not able to perceive how the widow was individually a party to the foreclosure suit, so that a decree should abrogate her rights. She was not called into court in such capacity, but solely as executrix and devisee, and therefore was not a party to the suit, as litigant, on account of her dower. And besides, it would be an act of injustice which the statute never contemplated, for a decree in a chancery suit to cut off and abrogate paramount rights of parties, when those rights had not been subjected to litigation by the form or substance of the pleadings in the case. The bill in the foreclosure suit was so framed as to lead no one to suppose that the dower right of the widow would be called in question. I think the bar against the parties in the suit mentioned in the statute, refers, first, only to the proper parties—namely, mortgagors and mortgagees, and subsequent incumbrancers, and to such rights as have been properly the subject of litigation in the foreclosure suit.

I think the judgment of the court below must be reversed.

[MONROE GENERAL TERM, June 3, 1851. *Selden, Johnson* and *Taylor;* Justices.]