The Farmers National Bank of New Jersey, at Mount Holly,

*v.*

James Lloyd and others.

A prior judgment creditor was made a party to a foreclosure bill, but, his judgment having been paid by a surety for the debt on which the judgment was recovered, he entered no appearance, and there was no proof before the master as to the amount due on the judgment, nor any direction in the final decree as to its payment.—*Held*, that, as to the surety, the priority and lien of the judgment were unaffected by the proceedings, and a petition by him to be made a party, in order to protect his rights, was dismissed.

---

Bill to foreclose. On motion of encumbrancer to be admitted as a party defendant. On petition.

*Mr. C. Ewan Merritt*, for the motion.

*Mr. J. L. N. Stratton*, contra.

The Chancellor.

William S. Coleman applies to be made a defendant in this suit (which is for foreclosure and sale of mortgaged premises), with a view to protecting his interest under a judgment recovered by Daniel Zelley against him and Elijah T. Smith, who was the owner of the property at the time when the judgment was recovered, but subsequently sold and conveyed it to the complainants' mortgagor who afterwards gave their mortgage. The judgment, therefore, is prior to that mortgage. The bill does not allege that it has been paid or satisfied, nor does it attack it or call it in question in any way or deny or question its priority over the complainants' mortgage.

By the petition it is alleged that the petitioner was merely surety for Smith in the debt for which the judgment was recovered, and that he, in order to remove the encumbrance

Farmers National Bank of New Jersey *v.* Lloyd.

of it from his property, paid the amount of it to Zelley, the plaintiff therein, but that it was not satisfied aforesaid; and he claims to be entitled to subrogation to the rights which Zelley then had under the judgment, and to be entitled to have recourse to the lien of the judgment on the mortgaged premises for re-imbursements. Zelley was made a defendant in the suit, but did not appear. As before stated, he had received the amount of the judgment from the petitioner, and he had, therefore, no interest in the litigation.

The complainants, in filing their bill, chose to make all prior as well as all subsequent encumbrancers parties.

Zelley not having appeared or given any attention to the suit, there was no proof of his judgment in the cause. The final decree directs that the mortgaged premises be sold to pay, in the first place, the amount of a mortgage, given by Smith, on the premises, and which is prior to the encumbrance of the complainants' mortgage, and to the judgment recovered by Zelley; and, in the next place, to pay the complainants' mortgage, and then to pay other mortgages subsequent thereto.

The petitioner apprehends that his rights, under the Zelley judgment, will be affected by a sale of the mortgaged premises under the decree in this cause. If that were true, it would be sufficient reason for admitting him as a party. But it is not true. Zelley, as the holder of the judgment, stands unaffected by the decree, notwithstanding his default, and so does the lien of the judgment on the mortgaged premises, and the rights or equities of the petitioner under it. A prior encumbrancer whose lien is not assailed in the bill of complaint, is not a necessary party to a suit for foreclosure, and if he be made a party, and does not choose to come in with his encumbrance, his rights are wholly unaffected by the proceedings. *Hendry* v. *Quinan*, 4 *Hal. Ch.* 534; *Hudnit* v. *Nash*, 1 *C. E. Gr.* 550; *Wilkins* v. *Kirkbride*, 12 *C. E. Gr.* 93; *Frost* v. *Koon*, 30 *N. Y.* 428; *Jones on Mortgages* § 1439.

The petition will be dismissed.